UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11187-GAO

CHRISTINE LYONS,
Plaintiff,

v.

CITIZENS FINANCIAL GROUP, INC., and RBS CITIZENS, N.A.,
Defendants.

MEMORANDUM
November 9, 2012

O'TOOLE, D.J.

On July 7, 2012, this Court granted the plaintiff's motion to certify a class of all Assistant Branch Managers ("ABMs") employed at Citizens Bank retail branches in Massachusetts during any workweek since March 10, 2008,[1] who were paid a salary and classified by defendants as exempt from the overtime pay mandates imposed by the Massachusetts Wage Act, Mass. Gen. Laws ch. 151 §§ 1A and 1B (MWA). The Court of Appeals has asked for a supplemental memorandum explaining in more detail this Court's basis for concluding that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met in this case.

The plaintiff brings this suit to enforce what she says is the obligation of the defendants[2] under the MWA to pay overtime compensation to Citizens Bank ABMs employed within the Commonwealth. The central issue in the case is whether the defendants improperly regarded the

---

[1] The parties subsequently stipulated that the beginning of the class period should be July 5, 2009, rather than March 10, 2008. Stipulation Concerning Change in Class Definition, ECF no. 31.
[2] Citizens Financial Group, Inc. is the corporate parent of RBS Citizens, N.A. The latter is the actual employer of the bank employees. They are addressed jointly for convenience, not as a sub silentio determination that the parent can be responsible under the MWA, a question not reached here.

ABMs as exempt from the MWA's overtime requirement. See Mass. Gen. Laws ch. 151 § 1A(1) (exempting an employee employed "as a bona fide executive, or administrative or professional person"). The question presented by the class certification motion is whether the merits question can properly be answered on a class basis under Rule 23 or rather must be answered on an individual, employee-by-employee basis. After examining the parties' extensive submissions, I concluded that the merits question can be answered reliably and fairly in a class action and therefore granted the certification motion.

First, I concluded that the requirements of Rule 23(a) are met.

There is no dispute that the numerosity requirement is met. Fed. R. Civ. P. 23(a)(1). The defendants do not argue otherwise. The defendants operate 257 Citizens Bank branches in Massachusetts. Each branch employs a Branch Manager and at least one ABM. There are over 400 current and former ABMS who would potentially fall within the purported class.

I have also concluded that there are questions of fact and law that are common to the members of the purported class. Fed. R. Civ. P. 23(a)(2). The ultimate legal question is whether the ABMs have been improperly regarded as exempt from the overtime MWA overtime requirement. Because the MWA overtime provisions are "essentially identical" to those of the federal Fair Labor Standards Act, see Cash v. Cycle Craft Co., 508 F.3d 680, 686 (1st Cir. 2007) (citing Valerio v. Putnam Assocs. Inc., 173 F.3d 35, 40 (1st Cir. 1999)), Massachusetts generally follows federal interpretations of the FLSA in interpreting cognate provisions of the MWA. See McLaughlin v. Boston Harbor Cruise Lines, 419 F.3d 47, 53 (1st Cir. 2005), citing Goodrow v. Lane Bryant, Inc., 732 N.E.2d 289, 294 (Mass. 2000). Under both state and federal law, the focus will be on the employee's "primary" duties and whether they amount, as a matter of law, to the duties of an "executive" or "administrative person." See Goodrow, 732 N.E.2d at 295; see

2

also 29 C.F.R. §§ 541.100, 541.200, and 541.700. After the facts about the employee's primary duties have been resolved by a factfinder, the conclusion that those duties either do or do not justify treating the employee as exempt from the overtime requirement is a conclusion of law, see Reich v. John Alden Life Ins. Co., 126 F.3d 1, 7 (1st Cir. 1997), and it is common to all similarly situated employees.

The critical disagreement between the parties here is whether the factual determination of an ABM's primary duties can fairly and accurately be made generally for all ABMs or can only be made individually, ABM by ABM. I have concluded that, as the plaintiffs urge, it can be done generally and therefore that the factual question about what the duties of an ABM are is one that can be determined commonly for ABMs as a group.

To begin with, the idea that the duties of Citizens Bank ABMs are similar enough that they should be grouped together with the same title and a common job description is originally the defendants', for business purposes, not the plaintiff's, for litigation purposes. In characterizing the work of the ABMs as substantially similar for all ABMs, the plaintiff is simply following the defendants' lead. In addition to the job description, other internal Citizens Bank documents similarly treat the ABMs as an identifiable class of employees as to whom the same policies and procedures are applied, including performance standards, training requirements, and various permissions and limitations applicable to ABMs generally. ABMs performed standardized day to day tasks such as making calls to customers, conducting in-person meetings with prospective customers, and asking customers standardized questions as part of the mandated customer experience process. There are daily performance goals for these tasks. For example, all ABMs are expected to have three meetings a day with prospective customers, and to make at least one referral per week to a business banking officer. (Pl's Mem. in Supp. of Motion to

3

Certify 6 (dkt. no. 12).) A senior human resources officer who testified as Rule 30(b)(6) deposition witness for the defendants in a similar case acknowledged that ABMs could be moved from one branch assignment to another without any additional training, a strong indication that the duties were substantially the same at both postings. The defendants' business decision to treat the ABMs on a categorical, not an individualized, basis was made not only for operational purposes, but also for purposes of the MWA exemption. There is no indication that the defendants decided employee by employee whether the exemption applied, but rather treat that as a categorical, or class-based, judgment.

In what amounts to little more than a swearing contest, both sides proffer affidavits from present and former ABMs claiming, alternately, that the duties of ABMs are mostly similar and that they are widely different. The affidavits are largely conclusory and not of much value. While the defendants' affidavits attest to some differences in the work done by ABMs in various circumstances, the differences seem mostly minor and unlikely to affect substantially the question of the ABMs' primary duties. These affidavits may prove that an ABM's work at one branch is not *identical* to another ABM's work at another branch, but they do not convincingly show that the primary duties are dissimilar.

For these reasons, I have concluded that the plaintiff has adequately shown that an inquiry into the duties performed by Citizens Bank ABMs as a matter of historical fact will involve evidence common to all, and at the very least, most ABMs, so that the "commonality" prerequisite of Rule 23(a)(2) is met.

For much the same reasons, the "typicality" requirement is also met. Fed. R. Civ. P. 23(a)(3). Because ABMs largely share common job duties, any ABM, including the plaintiff, would be essentially a typical representative of the class as a whole. It is conceivable that a

particular ABM could be shown to have duties that substantially deviate from the norm so that she would not be typical of the class, but there is no such showing with respect to the plaintiff here.

Finally with respect to the Rule 23(a) requirements, the plaintiff has sufficiently shown that she will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). As a typical member of the proposed class, her interests and the interests of other ABMs are aligned, so that her vigorous prosecution of her own interests would also serve the interest of other class members. Again, it could conceivably be shown that the interests diverged in some significant way from the other class members, but that has not been done here. Neither the fact of her termination from employment nor the reason for it distinguishes her in a way that would make her an inadequate representative. Her claim on her own behalf for overtime pay is still similar to and typical of such claims on behalf of other ABMs, and neither of those facts is affected by the circumstances of her termination.

The plaintiff also satisfies the requirement of Rule 23(b)(3) that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The determination of whether common issues predominate is more demanding than the commonality requirements. In re PolyMedica Corp. Securities Litigation, 432 F.3d 1, 4 n. 5 (1st Cir. 2005). The court must determine whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623-24 (1997).

The ultimate, central, common, predominant question in this case is whether or not ABMs qualify for the overtime exemption for executive or administrative employees under the

MWA, based on their actual duties. Since at this point it appears that the duties assigned to and performed by them were substantially similar, defined by common job descriptions, training requirements, and performance measures, the inquiry into what those duties actually involved is also the predominant factual issue in the case. Not only are the questions common, but the answers are similarly likely to be common, whether they favor the plaintiff or the defendants. See Wal-Mart v. Dukes, 131 S.Ct. 2541, 2552 (2011).

Because of the predominance of these question of law and fact, class determination is, for reasons of efficiency, superior to repetitive, individual lawsuits. Class members' interests in individually controlling the action are not significant in light of the substantial commonality of interest among the whole class and with the plaintiff in particular. Lastly, given the predominance of the common questions of fact and law, resolving those questions in a single action applicable will avoid the possibility of inconsistent adjudications in individual actions. See Fed. R. Civ. P. 23(b)(1). The ultimate question whether ABMs should be considered employees exempt from the overtime requirement is not one to which there will be an unequivocal, objective answer. Rather, it will be answered after an evaluation of a variety of considerations. See Hines v. State Room, Inc., 665 F.3d 235, 241-46 (1st Cir. 2011). The possibility that different factfinders in different cases could weigh the relevant factors differently – and inconsistently – is not insubstantial. Determining the answer to the question once for the class is a preferable method.

For all the foregoing reasons, this Court has concluded that the prerequisites and conditions to a class certification were met and that the certification motion should be granted.

/s/ George A. O'Toole, Jr.
United States District Judge